IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Yolanda Yvette Boyd and Louvenia Rogers, <br><br> Plaintiffs, <br><br> vs. <br><br> The Honorable Judge Mary Geiger Lewis; Assistant United States Attorney Elizabeth Jean Howard; United States Probation Officer Robert F. Woods, Jr.; and United States Attorney William N. Nettles, <br><br> Defendants. | Civil Action No. 7:21-cv-00893-TMC <br><br> **ORDER** |

Plaintiffs Yolanda Yvette Boyd ("Boyd") and Louvenia Rogers ("Rogers") (collectively, "Plaintiffs"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that the Defendants have engaged in the malicious prosecution of Vincent Rogers ("Vincent")—Boyd's son and Roger's grandson. (ECF Nos. 1, 3, 10). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss this action without prejudice and without issuance and service of process. (ECF No. 20). Plaintiffs filed objections to the Report on June 28, 2021, (ECF No. 25), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 20 at 1–2). Briefly, Plaintiffs allege that

1

Defendants Howard and Nettles engaged in malicious prosecution and prosecutorial misconduct by requesting an illegally enhanced sentence for Vincent, that Defendant Woods failed to object to the illegal sentencing recommendation, and that Judge Lewis was aware of the misconduct and failed to correct it. (ECF No. 1 at 2, 10–11). As a result of Vincent's allegedly illegal detainment, Plaintiffs assert that they have suffered severe pain and suffering. *Id*. at 9, 10, 11. Accordingly, Plaintiffs seek to recover pecuniary damages in the amount of fifty million dollars ($50,000,000.00). *Id*. at 12.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726

2

(D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiffs are proceeding *pro se*, this court is charged with construing their filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

*Magistrate Judge's Report & Recommendation*

In his Report, the magistrate judge recommends that the court summarily dismiss Plaintiffs' action without prejudice and without issuance and service of process. (ECF No. 20 at 8). First, the magistrate judge noted that, to the extent Plaintiffs seek to recover against Defendants for violations of Vincent's constitutional rights, Plaintiffs are prohibited from bring an action on his behalf. *Id*. at 2; *see also Myers v. Loudon Cty. Pub. Sch*., 418 F.3d 395, 400 (4th Cir. 2005) (noting that "[t]he right to litigate for oneself . . . does not create a right to litigate for others" (emphasis removed)).

Next, the magistrate judge considered Plaintiffs' claim under *Bivens*. (ECF No. 20 at 3–4). In order to state claim under *Bivens*, a plaintiff must show that the defendant, acting under color of federal law, deprived the plaintiff of a right secured by the Constitution and the laws of the United States. *Id*. at 3 (citing *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001)). The magistrate judge properly found that in *Bivens*, the United States Supreme Court recognized a private right of action against federal FBI agents for the alleged violation of a plaintiff's Fourth Amendment rights and that, since then, the Court has only recognized *Bivens* claims in two additional contexts: "(1) under the Fifth Amendment's Due Process Clause for gender discrimination . . . and (2) under the Eighth Amendment's Cruel and Unusual Punishment Clause against prison officials for failing to treat an inmate's asthma." *Id*. (internal citations omitted). Thus, because a *Bivens* claim is a judicially created remedy, "further extension of *Bivens* is disfavored." *Id*. at 4 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). The magistrate judge correctly noted, therefore, that "prior to examining the merits of the plaintiffs' claims, the court must examine whether this case presents a new *Bivens* context []and if so, the court must conduct

a 'special factors' analysis to determine whether to extend *Bivens* to said context[]." *Id*. A claim will be considered to present a new *Bivens* context "[i]f the case is different in a meaningful way from previous *Bivens* cases decided" by the Supreme Court. *Ziglar*, 137 S. Ct. at 1859. In such cases, the court must conduct a special factors inquiry "concentrat[ing] on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857–58.

In this case, Plaintiffs allege both malicious prosecution under the Fourth Amendment and cruel and unusual punishment under the Eighth Amendment. *See* (ECF No. 1). As to the malicious prosecution claim, the magistrate judge found that it presents a new *Bivens* context because "[w]hile Bivens involved Fourth Amendment violations, it involved the arrest and search of a private apartment by federal agents . . . without a warrant or probable cause . . . ." (ECF No. 20 at 4). Similarly, the magistrate judge concluded that Plaintiffs' cruel and unusual punishment claim presents a new *Bivens* context because, although the Supreme Court has recognized a claim for cruel and unusual punishment under the Eighth Amendment, it did so based on allegations that a prison official failed to treat an inmate's asthma, whereas the allegations at issue in this case assert that Defendants sought and imposed an impermissibly long sentence of incarceration. *Id*. at 5–6. The magistrate judge then conducted the special factors inquiry as to both claims and noted that while "Congress has been active in the area of prisoners' rights, . . . its actions do not support the extension of a new *Bivens* claim in this matter." *Id*. at 5, 6. Accordingly, the magistrate judge concluded that both *Bivens* claims are subject to summary dismissal. *Id*.

Further, the magistrate judge found that, even if Plaintiffs could set forth a proper *Bivens* claim, the action would still be subject to summary dismissal because each of the Defendants is immune from suit. *Id*. at 6–8. Specifically, the magistrate judge found that Judge Lewis is entitled

to absolute immunity from suit, Defendants Howard and Nettles are entitled to prosecutorial immunity, and Defendant Woods is entitled to quasi-judicial immunity. *Id*. Thus, based on Plaintiffs' lack of standing to bring suit on Vincent's behalf, Defendants' immunity from suit, and Plaintiffs' failure to state a proper claim under *Bivens*, the magistrate judge recommends the court summarily dismiss Plaintiffs' action. *Id*. at 8.

*Plaintiffs' Objections*

Plaintiffs filed two objections to the Report regarding the magistrate judge's conclusions as to Plaintiffs' standing to bring suit and Defendants' immunity. (ECF No. 25). Plaintiffs' first objection clarifies that Plaintiffs are not seeking to bring a cause of action on Vincent's behalf, but are raising these claims as individuals and on their own behalf to recover for the injuries they personally have suffered as a result of Defendants' alleged actions. *Id*. The court accepts Plaintiffs' assertion that they seek to bring this action only on their own behalf. Nevertheless, Plaintiffs' action is still subject to summary dismissal for failure to state *Bivens* claim. As the magistrate judge correctly noted, the first element of a Bivens claim is that the defendant(s) deprived the *plaintiff(s)* of a constitutional or federal right. (ECF No. 20 at 3). There are no allegations in the complaint that any of Plaintiffs' rights have been violated, let alone by the Defendants or their alleged actions. *See* (ECF No. 1). Rather, the only rights alleged to have been violated were Vincent's Fourth and Eighth Amendment rights. *See id*. Accordingly, Plaintiffs cannot establish the first element of a *Bivens* claim, and the court finds their action is subject to summary dismissal.

Plaintiffs' second objection merely states Plaintiffs' disagreement with the magistrate judge's conclusion regarding Defendants' immunity from suit. *Id*. However, it is well-settled in this Circuit that "objections which "merely express disagreement with the magistrate judge's

6

Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Additionally, Plaintiffs make no objection to the magistrate judge's analysis of the *Bivens* claims and his conclusion that such claims are subject to summary dismissal. Therefore, those portions of the Report are reviewed only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662. The court finds no clear error in the magistrate judge's analysis of the *Bivens* claim or of the Defendants' immunity from suit.

## CONCLUSION

Having carefully and thoroughly reviewed the record, the Report, and Plaintiffs' objections, the court finds no reason to deviate from the Report's recommended disposition. The court **ADOPTS** the Magistrate Judge's Report, (ECF No. 20), and incorporates it herein. Accordingly, this action is **DISMISSED** without prejudice and without issuance and service of process for the reasons set forth herein and in the Report.

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 8, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.